FILED

# UNITED STATES DISTRICT COURT

for the

Middle District of Tennessee

2024 OCT -1 PM 3:47

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

Nashville Division

|  |  |
|---|---|
| Alivia Blount<br><hr>*Plaintiff(s)*<br>*(Write the full name of each plaintiff who is filing this complaint.*<br>*If the names of all the plaintiffs cannot fit in the space above,*<br>*please write "see attached" in the space and attach an additional*<br>*page with the full list of names.)*<br><br>-v-<br><br>Red Robin West End Nashville<br><hr>*Defendant(s)*<br>*(Write the full name of each defendant who is being sued. If the*<br>*names of all the defendants cannot fit in the space above, please*<br>*write "see attached" in the space and attach an additional page*<br>*with the full list of names.)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 3:24-cv-1188<br>*(to be filled in by the Clerk's Office)*<br><br>Jury Trial: *(check one)* ☑Yes ☐No |

## COMPLAINT FOR A CIVIL CASE

### I.      The Parties to This Complaint

#### A.      The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Alivia Blount |
| Street Address | 723 President Ronald Reagan Way |
| City and County | Apt 506 |
| State and Zip Code | Nashville TN 37210 |
| Telephone Number | 615-910-4258 |
| E-mail Address | aliviablount@gmail.com |

#### B.      The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

Case 3:24-cv-01188    Document 1    Filed 10/01/24    Page 1 of 11 PageID #: 1

Defendant No. 1

Name    Red Robin

Job or Title *(if known)*

Street Address    6802 Charlotte Pike

City and County    Nashville   TN   37209

State and Zip Code

Telephone Number    615 - 352 - 1710

E-mail Address *(if known)*

Defendant No. 2

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

Defendant No. 3

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

Defendant No. 4

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[X] Federal question            [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

V II

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

   a. If the plaintiff is an individual

   The plaintiff, *(name)* __Alivia Blount__, is a citizen of the State of *(name)* __Tennessee__.

   b. If the plaintiff is a corporation

   The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual

   The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

Case 3:24-cv-01188   Document 1   Filed 10/01/24   Page 3 of 11 PageID #: 3

b.     If the defendant is a corporation

The defendant, *(name)* ___Red Robin Burger Brew___, is incorporated under

the laws of the State of *(name)* ___Tennessee___, and has its

principal place of business in the State of *(name)* _____.

Or is incorporated under the laws of *(foreign nation)* _____,

and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.     The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

$210,000

## III.   Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

wrongful termination

## IV.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

$210,000    lost wages, punitive
relief, lost grant, emotional distress

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    10/1/24

Signature of Plaintiff    _____

Printed Name of Plaintiff    Alivia Blount

### B.    For Attorneys

Date of signing:    _____

Signature of Attorney    _____

Printed Name of Attorney    _____

Bar Number    _____

Name of Law Firm    _____

Street Address    _____

State and Zip Code    _____

Telephone Number    _____

E-mail Address    _____

Alivia Blount
723 President Ronald Reagan Way Apt 506
Nashville, TN, 37210
(615) 910 - 4258

Alivia Blount, IN PRO PER

U.S. DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE (NASHVILLE)

| | |
|---|---|
| Alivia Blount,<br><br>    Plaintiff,<br><br>  vs.<br><br>RED ROBIN WEST END, NASHVILLE<br><br>    Defendant | ) Case<br>)<br>) COMPLAINT<br>) WRONGFUL TERMINATION, BREACH OF CONTRACT,<br>) BAD FAITH<br>)<br>)<br>)<br>)<br>) |

Title VII is a key part of "the federal policy of prohibiting wrongful discrimination in the [n]ation's workplaces." Univ. of Texas Sw. Med. Ctr. v. Nassar, 570 U.S. 338, 342 (2013). Title VII makes it unlawful for an employer to discriminate against any individual with respect to her "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). A Title VII discrimination plaintiff must allege that:

(1) she is a member of a protected class;

Plaintiff is a Black Female, a member of two protected classes

(2) she suffered an adverse employment action;

The plaintiff was terminated from employment as a server at Red Robin

(3) she was qualified for the position in question; and

The plaintiff was hired for a Server Position at Red Robin and successfully worked shifts there.

(4) she was treated differently from similarly situated individuals outside her protected class.

While serving at Reb Robin, the plaintiff witnessed a few incidents with staff members.

- One white female bartender was fired for working shifts behind the bar but being under the age of 21. The managers interviewed multiple staff members to understand if allegations were true. There was a formal review process and meeting with the server who signed a termination agreement stating that she was no longer working with the company.

- Another male staff member got into a physical altercation with a guest and was not terminated but placed on a leave of absence. He was also notified via writing and went through some re-training and was not fired. He was notified.

- Other staff members who were currently enrolled students would commonly put in availability change requests and they were approved.

- Other staff members took entire months away from the job and came back without any issues. I know this because other staff members informed me this was the case.

The plaintiff updated her availability and checked in with the front of house manager about the change and she said this was fine. Plaintiff checked back in with front of house manager about a month later to update availability and FOH manager again said this was fine. Plaintiff went online to check the employee portal and the status of employment stated terminated. She was text messaging with the FOH manager the day before realizing this. It is clear the plaintiff was treated differently from other employees, given her race and gender in this case.

The plaintiff's income significantly changed due to the termination, so she requested a letter from the manager to verify the termination for a rental grant she was in the process of applying for. The assistant manager did not respond to text messages about the requested letter. The plaintiff attempted calling and leaving messages at the restaurant, but none of the management staff called her back.

Wright v. Murray Guard, Inc., 455 F.3d 702, 709 (6th Cir. 2006); Smith v. City of Salem, Ohio, 378 F.3d 566, 570 (6th Cir. 2004) (citing Perry v. McGinnis, 209 F.3d 597, 601 (6th Cir. 2000)).

A plaintiff need not establish all the prima facie elements of a Title VII claim at this stage, but she must allege facts sufficient to plausibly suggest an entitlement to relief. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011); Serrano v. Cintas Corp., 699 F.3d 884, 897 (6th Cir. 2012)

**<u>Here are ten case law examples where plaintiffs successfully won Title VII claims for being treated differently than other employees because of race:</u>**

### 1. **McDonnell Douglas Corp. v. Green (1973)**
   - **Summary**: Percy Green, an African-American employee, alleged that McDonnell Douglas discriminated against him by not rehiring him after a layoff due to his race and activism. The Supreme Court established the **McDonnell Douglas burden-shifting framework**, which is still used in racial discrimination claims. The case was significant in illustrating how to prove disparate treatment based on race.

### 2. **Griggs v. Duke Power Co. (1971)**
   - **Summary**: African-American employees claimed that Duke Power's employment requirements (such as requiring high school diplomas and certain test scores) disproportionately affected Black employees and were not related to job

performance. The Supreme Court ruled that the company's policies had a **disparate impact** on African-American employees, thus violating Title VII, even if there was no intent to discriminate.

### 3. **St. Mary's Honor Center v. Hicks (1993)**
   - **Summary**: An African-American employee claimed he was treated differently than his white colleagues and ultimately terminated based on race. The Supreme Court held that if an employee proves an employer's stated reason for an adverse action is a pretext, it can support an inference of discrimination under Title VII, leading to a successful outcome for the plaintiff in the subsequent lower courts.

### 4. **Jones v. Robinson Property Group, L.P. (2004)**
   - **Summary**: A Black applicant was denied a position as a casino dealer at a predominantly white-owned casino. The Fifth Circuit ruled in favor of Jones, finding that he was treated differently due to his race and that the employer's reasons for not hiring him were pretextual, making it a violation of Title VII.

### 5. **Thomas v. National Football League Players Association (1994)**
   - **Summary**: Thomas, an African-American employee, argued that he was given less favorable work assignments and ultimately terminated because of his race. The jury found in favor of Thomas, concluding that his employer had engaged in disparate treatment, violating Title VII's prohibition against racial discrimination.

### 6. **Alexander v. City of Milwaukee (2001)**
   - **Summary**: African-American police officers in Milwaukee claimed they were systematically denied promotions that were given to less-qualified white officers. The court sided with the plaintiffs, holding that the promotion practices were discriminatory and that the disparate treatment based on race violated Title VII.

### 7. **Johnson v. University of Cincinnati (2000)**
   - **Summary**: An African-American employee alleged racial discrimination when he was disciplined more severely than white employees for similar infractions. The Sixth Circuit ruled in favor of Johnson, concluding that the employer treated him differently due to his race, constituting a Title VII violation.

### 8. **Swinton v. Potomac Corp. (2001)**
   - **Summary**: Swinton, an African-American employee, faced repeated racial slurs and differential treatment compared to his white colleagues. The court found that the racial harassment and different treatment created a hostile work environment, leading to a successful Title VII claim for Swinton.

### 9. **Smith v. Lockheed-Martin Corp. (2011)**
   - **Summary**: Smith, an African-American employee, alleged that Lockheed-Martin treated him differently by failing to respond to his complaints of racial harassment while disciplining African-American employees more harshly than white employees. The Eleventh Circuit found in favor of Smith, determining that the differential treatment based on race violated Title VII.

### 10. **Brady v. Thurston Motor Lines, Inc. (1986)**
   - **Summary**: Brady, an African-American employee, claimed that he was denied training and promotional opportunities afforded to white employees. The Fourth Circuit ruled in favor of Brady, finding that the disparate treatment in opportunities and training constituted racial discrimination under Title VII.

### **Key Takeaways from These Cases**:

- Title VII protects employees from both **disparate treatment** (intentional discrimination) and **disparate impact** (policies that disproportionately affect a racial group without justifiable reason).
- Courts may look at **patterns of behavior** and **differences in treatment** among employees of different races, such as disparities in discipline, promotions, work assignments, or responses to complaints.
- **Pretext** is often a crucial element; plaintiffs need to demonstrate that the employer's stated reason for adverse action was not the true reason but a cover for discrimination.
- The **McDonnell Douglas framework** is used to assess Title VII claims: plaintiffs must show a prima facie case of discrimination, employers must provide a legitimate reason for their actions, and plaintiffs can then show this reason is pretextual.

In each of these cases, plaintiffs successfully demonstrated that their race was a motivating factor in the adverse employment actions they faced, leading to favorable rulings under Title VII.

**DAMAGES REQUESTED:**

$10,000 MAC RENT GRANT LOST DUE TO NOT GETTING LETTER

$50,000 Lost tips for the 1.5 years the plaintiff would have remained at the job

$50,000 pain and suffering

$100,000 punitive damages for racial discrimination

TOTAL: $210,000

DATED: OCTOBER 1, 2024

*Your signature*
ALIVIA BLOUNT
In Pro Per

1 OCTOBER COMPLAINT - RED ROBIN